8

```
FILED

          ᴠᴋ
AUG 1 3 2009

UNITED STATES BANKRUPTCY COURT
   EASTERN DISTRICT OF CALIFORNIA
```

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                          )    Case No.  09-10461-B-7
                               )
Randy Barton and               )    DC No. JES-1
Billie Barton,                 )
                               )
          Debtors.             )
_____)

**MEMORANDUM DECISION REGARDING TRUSTEE'S
OBJECTION TO AMENDED EXEMPTIONS**

James Salven appeared in his capacity as the chapter 7 trustee.

Thomas P. Hogan, Esq., appeared on behalf of the debtors, Randy Barton and Billie Barton.

The debtors, Randy and Billie Barton (the "Debtors"), claimed a homestead exemption under Missouri law (the "Exemption") in a residential property located at 9306 Norway, Neosho, Missouri (the "Missouri House"). The chapter 7 trustee, James Salven (the "Trustee"), objects to the Exemption. The Trustee contends that the Debtors actually reside in California based on their testimony at the meeting of creditors and based on the fact that their bankruptcy petition states an address in Chowchilla, California, as their official address of record (the "Objection"). The Debtors contend that their move to California was temporary and that the Missouri House is their permanent residence.[1] For the reasons set forth below, the Trustee's Objection will be overruled.

---

[1]At oral argument, Debtors' counsel represented that the Debtors have already returned to Missouri. That representation was uncontroverted by the Trustee.

50

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 522[2] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

**Background and Findings of Fact.**

The Debtor, Randy Barton, drives a commercial truck which causes him to travel between, *inter alia*, the states of Missouri and California. This bankruptcy commenced with the filing of a voluntary chapter 7 petition in this court on January 22, 2009. At that time, the Debtor was employed by Nieuwkook Enterprises, Inc., in Chowchilla, California.[3]

With their petition, the Debtors filed the required schedule A, listing their interest in real property, and the statement of financial affairs ("SOFA"). The Debtors' schedule A disclosed only one parcel of real property, the Missouri House described as follows: "Residence Addl: 3bedroom 2bath Location: 9306 Norway, Neosho, MO 64850." The Missouri House is subject to a mortgage held by Bank of America in the amount of $158,111, which is the Debtors' only secured debt. The Debtors first claimed an exemption for the Missouri House in the amount of $9,789 using Cal.Civ.Code § 704.730. At the § 341 meeting of creditors, the Trustee informed the Debtors that they were required to use the Missouri exemption statutes

---

[2]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated on or *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[3]Based on Debtors' schedule J.

1  based on the fact that the Debtors had not lived in California for 730 days.[4]

2  According to the SOFA, the Debtors were residents of Missouri from September

3  2005 through April 2008.[5]  The Debtors' schedules list open bank accounts in both

4  Chowchilla, California, and in Neosho, MO.  Schedule J lists real estate taxes,

5  presumably on the Missouri House, as a budget item, and also lists expenses of $100

6  per month for "Home maintenance (repairs and upkeep)."  There are no California

7  creditors listed, and no executory contracts listed, such as for property rental or

8  lease.

9          In response to the Trustee's comments at the meeting of creditors, the

10  Debtors amended their exemption schedule C and changed all of their exemptions to

11  conform to the Missouri statutes.  They claimed the Missouri House exempt under

12  MO. REV. STAT. § 513.475 in the amount of $9,789.  The Trustee timely objected to

13  the amended homestead exemption on the grounds that the Debtors were not living

14  in the Missouri House when they filed their petition.

15          The court conducted a hearing and took the matter under submission, inviting

16  the Trustee and the Debtors to submit evidence and to brief the relevant issues.  The

17  Debtors filed an opposition to the Objection accompanied by voluminous

18  documentary evidence (loan documents, mortgage and bank statements, electricity

19  bills, automobile title records, and business tax returns) showing that the Debtors

20  maintain numerous active connections with the state of Missouri.  The Trustee did

21  not file any additional evidence or documents.

---

23          [4]11 U.S.C. § 522(b)(3)(A).

24          [5]The Debtors' declaration in opposition to the Objection states that their answer in the
25  SOFA was in error; that they at all times resided in Missouri except for brief periods each winter
    when they would come to California for work and to visit family in Chowchilla.  Notably, the
26  Trustee did not move to transfer venue of the bankruptcy case to Missouri, and he has not asked
27  the court to rule that the Debtors permanently reside in California.  The only issue is the Debtors'
    right to claim a homestead under Missouri law.  At oral argument, Debtors' counsel was unable
28  to respond when the court asked why the case had been filed in California.

3

1    **The Trustee's Objection.**

2      The Trustee contends that the Debtors are not eligible to claim a homestead

3    exemption in Missouri.  The Trustee relies primarily on the fact that the Debtors

4    were residing in California and listed the Chowchilla address as their address of

5    record for this case.  The Trustee states that the Debtors, at the § 341 first meeting

6    of creditors, testified that they resided at the address in Chowchilla on the date of

7    filing, that they were living there at the time of the creditors' meeting, and that the

8    Missouri House was then occupied by their adult son.  The Trustee's statement is

9    not evidence and the Trustee did not submit a transcript of the § 341 hearing to the

10   court.  The only evidence supporting the Objection consists of the Debtors'

11   bankruptcy petition and schedules.  The Trustee does not claim that the Debtors

12   have acted in bad faith.

13     The Debtors responded to the Objection with a declaration of Billie and

14   Randy Barton which verifies the attached documentary evidence and states that:

15     (1) they moved full time to [the Missouri House] in June 2006 to be near
16     family;

17     (2) they have lived in the Missouri House except for temporary periods when
  they traveled to Chowchilla to be with other family members and escape the
  winter weather in Missouri and to find work in California;
18

19     (3) they have never vacated or abandoned the Missouri House before or after
  filing their petition;

20     (4) since July 2006, they have paid the mortgage, utility bills on the Missouri
  House; they have filed federal and state tax returns with the Missouri House
21     address, maintained it as a business address, never rented the property, and
  have never moved out their furniture or personal possessions to any other
22     residence;

23     (5) they did not occupy the Missouri House at the time they filed the petition,
  but were visiting in Chowchilla with their son and mistakenly believed that
24     the location where they resided at the time of filing was their residence;

25     (6) they did not understand the question in the SOFA and they understood the
  question as requiring information about where they resided prior to their visit
26     to Chowchilla; and

27     (7) "In hindsight, filing in Missouri may have been more appropriate."

28   / / /

The statements set forth in Billie and Randy Barton's declaration are uncontroverted.

**Issue Presented.**

The issue presented here is straightforward: Are the Debtors eligible to claim a homestead exemption under Missouri law?

**Analysis and Conclusions of Law.**

**A. General Exemption Law.**

A claimed exemption is presumptively valid. *In re Carter,* 182 F.3d 1027, 1030 (9th Cir. 1999). Exemptions are liberally construed to enable the debtors' fresh start. *In re Gardiner*, 332 B.R. 891, 894 (Bankr. S.D. Cal. 2005). The critical date for determining a debtor's exemption rights is the petition date. *Goswami v. MTC Distributing (In re Goswami)*, 304 B.R. 386, 393 (9th Cir. BAP 2003), *citing In re Michael*, 163 F.3d 526, 529 (9th Cir. 1988).

**B. Missouri Homestead Law.**

The state of Missouri has opted out of the federal exemptions set forth in § 522(d). The relevant statute in MO. REV. STAT. § 513.475 provides for a "homestead" exemption in the amount of up to $15,000. The exemption statutes in Missouri "are enacted to provide relief to the debtor and are liberally construed in favor of the debtor." *In re Seeley*, 341 B.R. 277, 280 (Bankr. W.D. Mo. 2006) (internal citations omitted).

For assistance here, the court looks to decisions from bankruptcy courts that routinely apply Missouri exemption law. The case, *In re Dennison*, 129 B.R. 609 (Bankr. E.D. Mo. 1991), explains some of the law governing homestead exemptions in Missouri. In that case the trustee objected to the debtor's exemption of property in which she owned only a future interest. The court found that, although the debtor did not occupy the property at the time of filing, she did intend to make the property her residence. Where the debtor failed, however, was that she did not exercise sufficient control over the timing of her occupancy. She could not occupy the

property as her residence until the death or incapacity of the life tenant. The

bankruptcy court explained: "Generally, in Missouri, a 'homestead' entails

ownership plus occupancy. However, occupancy is not an absolute prerequisite to

claiming a Missouri homestead exemption." *Id.* at 610 (citations omitted). The

*Dennison* court quoted the Missouri Supreme Court in *State v. Haney*, 277 S.W.2d

632, 637 (Mo. 1955):

> To establish a homestead there must be a bona fide intention of
> making the premises a homestead or permanent residence of a family.
> That intent must be determined from a consideration of all the facts
> and circumstances in the case, and not merely from the declaration of
> the parties.

The court, after a review of case law in Missouri and in other states, noted that in

order to claim a homestead exemption pursuant to MO. REV. STAT. § 513.475(1):

> [A] debtor must 1) occupy the qualified exempted property or 2)
> exhibit both an intent to occupy such property, and an ability to
> control or strongly influence the time of occupation. An intent to
> occupy the premises must be exhibited by both a declaration of such
> intent and overt acts in support of such intention. Regarding the
> debtor's control over the time of occupation, the debtor must prove
> that such occupation is either imminent or reasonably close in time
> and is neither indefinite nor incapable of measurement. This may be
> judged on a case-by-case basis.

*In re Dennison*, 129 B.R. at 611 (citations omitted*)*.

Here, the Trustee acknowledges that the Debtors resided in the Missouri

House for at least two years before traveling to and taking up temporary residence in

California. Further, the Debtors did disclose and declare an exemption for the

Missouri House in their original schedules evidencing their intent with regard to the

Missouri House; they simply used the wrong exemption statutes. The Trustee does

not dispute that, at least at the point in time during which they lived in the Missouri

House, the Debtors had a right to claim a homestead exemption in that property.

The Trustee essentially argues that the Debtors abandoned the Missouri House and

forfeited their right to claim the Missouri exemption by filing their bankruptcy

petition in California. Under Missouri law, a debtor can forfeit the right to claim a

homestead exemption if he or she abandons the house, and physical removal can be

1   evidence of such abandonment.  However, the ultimate question of abandonment is

2   a function of the debtor's intent at the time of removal. *In re Seeley*, 341 B.R. at

3   277-80.

4         In *Seeley*, the trustee objected to the debtor's claim of homestead exemption

5   on the grounds that she had abandoned the property when she moved out and listed

6   the property for sale.  The debtor contended that she left the property to obtain better

7   educational opportunities for her children and intended to return.  This intention was

8   supported by the facts that, she had occasionally done so prior to filing the petition

9   and she had left personal possessions behind.  The debtor intended either to retain a

10  portion of the property after the sale, or reinvest the proceeds in another homestead

11  nearby.  The court addressed the same question that is at issue here: Whether the

12  debtor, after establishing a valid homestead, abandoned her homestead and lost the

13  right to claim it as exempt after vacating the property.  The court overruled the

14  trustee's objection, finding that the debtor had overcome the presumption of

15  abandonment created when she vacated the property.

16          Physical removal of the debtor from the premises, however,
        constitutes *prima facie* evidence of abandonment. In order to preserve

17          the claim of homestead after physical removal, debtor must
        demonstrate an intention to return, which intention was formed at the

18          time of removal. A vague and indefinite intention to return at some
        future time under certain conditions is not sufficient to prevent the

19          removal from the premises from constituting an abandonment. Actual
        removal from the homestead, with no intention to return, amounts to

20          forfeiture.

21  *Id.* at 280 (citations omitted).

22        Looking to Missouri court decisions, the bankruptcy court noted that if the

23  debtor vacates his or her homestead for a specific purpose or time period, consistent

24  with the intent to return when the purpose was accomplished or the time period

25  expired, the leaving of that property does not establish an abandonment. *In re Seeley*,

26  341 B.R. at 280.  In *Seeley*, the presumption of abandonment was overcome by the

27  facts that the debtor had retained her connections with the residence consistent with

28  the claim of homestead and inconsistent with the abandonment of the property; she

7

1 continued to make mortgage payments up until filing the petition; and kept some
2 furniture and other belongings in the house. "Leaving personal property behind is
3 corroborative of an intent to return and thus tends to rebut any presumption of
4 abandonment and support the claim of homestead exemption." *Id.* at 281.

5     In this case many of the same facts, which are at odds with the intent to
6 abandon, are present. The Debtors have maintained financial and business
7 connections with the state of Missouri. They retained ownership of the Missouri
8 House and left much of their personal property there. Any presumption of
9 abandonment of the homestead was rebutted by the Debtors' evidence which
10 supports their stated intention to return to the Missouri House. Indeed, it appears
11 that the Debtors had already returned to Missouri at the time this Objection was
12 argued. While they did not physically occupy the Missouri House at the time they
13 filed the petition, they had previously occupied, and intended to return to, the
14 Missouri House and they intended that the Missouri House be their permanent
15 residence.

16 **Conclusion.**

17     Based on the foregoing, the court is not persuaded that the Debtors intended
18 to abandon their homestead interest in the Missouri House when they filed their
19 bankruptcy petition in California. Accordingly, the Trustee's Objection to the
20 Debtors' exemption of the Missouri House will be overruled.

21     Dated: August __13__, 2009

23 W. Richard Lee
24 United States Bankruptcy Judge

8